UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
.................................................................
                                              x
REYNOLDS CONSUMER PRODUCTS INC.,              :    Case No.: 1:13-cv-214 LO/TRJ
                                              :
                         Plaintiff,           :
                                              :
              -v-                             :    FIRST AMENDED COMPLAINT
                                              :
HANDI-FOIL CORPORATION,                       :
                                              :    Jury Trial Demanded
                         Defendant.           :
                                              :
                                              :
.................................................................
                                              x
```

Plaintiff Reynolds Consumer Products Inc. ("Plaintiff" or "Reynolds"), by its undersigned attorneys, brings its First Amended Complaint against Defendant Handi-foil Corporation ("Defendant" or "Handi-foil"), and alleges as follows:

THE NATURE OF THE ACTION

1.     This case involves Defendant's manufacture, advertising, offering to sell, sale, and/or distribution of aluminum foil products that use product packaging that infringes and dilutes the famous and distinctive trade dress Plaintiff owns and uses to distinguish REYNOLDS WRAP-brand aluminum foil.

2.     Defendant is manufacturing, or causing to be manufactured, advertising, offering to sell, selling and/or distributing aluminum foil in packaging nearly identical to the packaging for Plaintiff's REYNOLDS WRAP aluminum foil.  Defendant's packaging allows Defendant to unfairly compete, infringes and dilutes Plaintiff's trademarks and trade dress, and blurs the distinctiveness of Plaintiff's marks.  As a result, this action seeks injunctive and monetary relief for trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114), false

designation of origin in commerce in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), trade dress infringement in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), trademark dilution in violation of § 43(c) of the Lanham Act (15 U.S.C. § 1125(c)), trademark infringement in violation of Virginia Code § 59.1-92.12 and other states' laws, and common law unfair competition and unjust enrichment.

THE PARTIES

3.     Plaintiff Reynolds Foil Inc. d/b/a Reynolds Consumer Products Company is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Delaware, with a principal place of business located at 6641 West Broad Street, Richmond, Virginia 23230.

4.     Defendant Handi-foil Corporation is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with a principal place of business located at 135 E. Hintz Road, Wheeling, Illinois 60090.

JURISDICTION AND VENUE

5.     The Court has jurisdiction of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367 and general principles of ancillary and pendent jurisdiction.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and/or because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

THE FACTS

Plaintiff's World-Renowned Trademarks and Trade Dress

7.     Plaintiff manufactures and markets a variety of high-quality consumer disposable food storage and cookware products.

8.      Plaintiff devotes substantial effort, time, and resources to developing and testing its products and to designing the packaging and graphics for those products. Packaging is an important element in marketing consumer products because it serves to distinguish Plaintiff's products from those of others, to represent and convey a product's quality and value to consumers, and to designate Plaintiff as the source or origin of a product.

9.      Among the products Plaintiff manufactures and markets is the world-renowned, high-quality REYNOLDS WRAP aluminum foil. Plaintiff owns trade dress rights in its REYNOLDS WRAP packaging design, which consists of the overall look, feel and commercial impression of the combination of elements in a unique format that make up that design.

10.      For example, Reynolds owns incontestable federal trademark registrations for its REYNOLDS WRAP package designs. Specifically, Reynolds owns, *inter alia*, the entire right, title, and interest in and to the following federally registered package designs:

| Reg. | Registration Date | Mark | Image |
|------|-------------------|------|-------|
| 1,070,888 | August 9, 1977 | Reynolds Wrap Package Design |  |
| 1,067,092 | June 7, 1977 | Reynolds Wrap Package Design (with name) |  |

With respect to the registrations listed above, the drawings are lined to designate the colors blue (horizontal), silver (diagonal), and pink (vertical) (collectively, and together with other design elements of Plaintiff's package design, the "Reynolds Wrap Marks"). Reynolds owns corresponding trademark registrations in at least 53 other countries.

11.      In addition to its federal registrations, Plaintiff owns extensive common law trade dress rights in the overall look, feel and commercial impression of its REYNOLDS WRAP packaging design. Plaintiff's distinctive trade dress for its REYNOLDS WRAP aluminum foil packaging design includes numerous features combined in a unique format to create a highly distinctive overall impression. Elements of Plaintiff's REYNOLDS WRAP trade dress include, for example:

     a.   The color scheme – the majority of the box is a bright shade of blue, called "reflex blue," created specifically for Reynolds, and the rest of the front of the box is a shade of pink that is slightly darker than PMS 486;

     b.   The use of the color scheme – the blue and pink sections run left to right;

     c.   The use of prominent lettering to display the brand name within the blue section on the front of the box;

     d.   The use of silver bands to separate the blue from the pink sections of the front of the box;

     e.   The placement of the quantity information (square footage) in the pink section on the right side front of the box, using bold type written in blue, and including, in white lettering, the number of yards by inches and the total meters, broken down into the number of meters by millimeters;

f.   The inclusion that "FOIL MADE IN U.S.A." in lettering on the front of the right
    side of the box;

g.   The repetition of the color scheme and type on the ends of the box;

h.   The use of the "press here to lock" feature on the ends of the boxes;

i.   The use of graphics with how-to information showing how to "Wrap food to keep
    it fresh & to prevent freezer burn," "Line pans before cooking to make cleanup
    easy," and "Cover bowls to help keep food moist & prevent splatters";

j.   The use of the "Lift" graphic to indicate how to open the box;

k.   The positioning of REYNOLDS WRAP on the top flap of the box; and

l.   The color (yellow), placement, and text used to caution the consumer.

12.   Examples of Plaintiff's current REYNOLDS WRAP-brand aluminum foil
products and REYNOLDS WRAP-brand heavy duty aluminum foil products using product
packaging reflecting Plaintiff's trade dress rights are shown below.





13.     In addition to the trade dress rights Plaintiff owns in the packaging designs represented by incontestable United States Trademark Reg. Nos. 1,067,092 and 1,070,888, and the common law trade dress rights Plaintiff owns as identified in paragraph 11 and depicted in photographs in paragraph 12, Plaintiff owns extensive common law rights in the overall look, feel and commercial impression of the combination of elements in a unique format for its REYNOLDS WRAP package design for other of its REYNOLDS WRAP packaging designs that are consistent with the trade dress represented by Plaintiff's United States Trademark Reg. Nos. 1,067,092 and 1,070,888 and common law rights.  For example, photographs of Plaintiff's REYNOLDS WRAP heavy duty non-stick foil and REYNOLDS WRAP grill foil that use such product packaging are shown below.



14.     Plaintiff's trade dress rights in its REYNOLDS WRAP packaging design are reflected in a wide variety of Plaintiff's REYNOLDS WRAP-brand aluminum foil product offerings that use the trade dress in their packaging, including, but not limited to, the aluminum foil products shown in photographs herein.  Plaintiff's trade dress rights are not limited by, and Plaintiff does not intend to limit its claims alleged in this First Amended Complaint to, the REYNOLDS WRAP packaging designs shown in the photographs of REYNOLDS WRAP-

brand products herein, including any limitation as to packaging design for specific sizes of REYNOLDS WRAP-brand foil products.

15.     The Reynolds Wrap Marks are inherently distinctive and serve to identify and indicate the source of Plaintiff's goods to the consuming public.  Through Plaintiff's extensive use and promotion of the Reynolds Wrap Marks, Plaintiff distinguishes its products from the products of other businesses and distinguishes the source and origin of Plaintiff's products.

16.     Plaintiff has spent and continues to spend large sums of money marketing and selling in interstate commerce REYNOLDS WRAP aluminum foil packaged in high-quality boxes bearing its trademarks, trademarked designs, and trade dress.  As a result of the extensive advertising of REYNOLDS WRAP aluminum foil in connection with the Reynolds Wrap Marks, the widespread sale of REYNOLDS WRAP aluminum foil, and the celebrity that Reynolds Wrap Marks have achieved, aluminum foil bearing Reynolds Wrap Marks has been and is now recognized by the public and in the trade as originating from Reynolds.

17.     Aluminum foil bearing the Reynolds Wrap Marks has come to be known by the purchasing public throughout the United States as aluminum foil of the highest quality.  As a result, the Reynolds Wrap Marks, together with the goodwill associated with them, are of inestimable value to Plaintiff.

18.     As a result of Plaintiff's extensive use and promotion of the Reynolds Wrap Marks in the Commonwealth of Virginia and elsewhere, Plaintiff has acquired valuable common law rights in the Reynolds Wrap Marks.

19.     The Reynolds Wrap Marks are famous, well-known, and distinctive.

20.     Plaintiff has engaged and continues to engage in interstate activities designed to promote REYNOLDS WRAP aluminum foil, and the business and goodwill associated with the

Reynolds Wrap Marks, and to expand the use and reputation of the Reynolds Wrap Marks in the Commonwealth of Virginia and throughout the United States.

21.     Plaintiff's goods sold under the Reynolds Wrap Marks have been and continue to be sold from retail stores located within this District.

Defendants' Unlawful Activities

22.     According to its website, www.handi-foil.com, Handi-foil has been "a leader in the industry, manufacturing aluminum foil bakeware products from our Wheeling, Illinois facility using the most modern equipment in the business" "[f]or three generations."  Defendant "is a privately owned manufacturer of recyclable aluminum products committed to quality, convenience and innovation."

23.     Defendant is manufacturing, or causing to be manufactured, advertising, planning to sell, offering to sell, selling and/or distributing  several different packages of aluminum foil that bear the Reynolds Wrap Marks, or trade dress remarkably similar thereto (collectively, the "Infringing Products").

24.     Defendant is advertising, planning to sell, offering to sell, distributing, selling and/or causing the distribution and sale of the Infringing Products within this District.

25.     Below is a depiction of the first of Defendant's Infringing Products and authentic REYNOLDS WRAP products:



26.     Defendant's trade dress in the First Infringing Product copies most elements referenced in Paragraph 11 herein, including, *inter alia*:

a.   The color scheme – the overall color scheme of Defendant's packaging contains the bright shade of blue separated from a red section;

b.   Like Plaintiff's packaging, Defendant's packaging uses prominent white lettering to display the brand name on the front of the box;

c.   As on REYNOLDS WRAP, Defendant's packaging uses a silver band to separate the blue from the red sections of the front of the box;

d.   Defendant's package places quantity information (square footage) on the right side of the box, and including, in white lettering, the number of yards by inches and the total meters, broken down into the number of meters by millimeters;

e.   Defendant prominently displays, on the front of the right side of the box, that its product was "MADE IN USA," just as Plaintiff's package does;

f.   Defendant's box uses the "Lift" graphic to indicate how to open the box;

g.   Defendant's package contains graphics with how-to information on the back of the box, like Plaintiff's package; and

h.   Defendant's name is positioned on the top flap of the box, as is Plaintiff's.

27.     Even more, Defendant's package references REYNOLDS WRAP, stating: "COMPARE TO REYNOLDS WRAP FOIL."

28.     Defendant has combined all of these elements on a box that has the same width and approximate height and depth as Plaintiff's box.

29.     Defendant changed its trade dress as described above to look even more like REYNOLDS WRAP.  Below is a depiction of the second of Defendant's Infringing Products and one of the authentic REYNOLDS WRAP products:





30.     Defendant's trade dress in the second Infringing Product copies even more of the elements referenced in Paragraph  11 herein, including, *inter alia*:

a.   The color scheme – now the majority of Defendant's box is the bright shade of blue of REYNOLDS WRAP, and the rest of the front of the box is a shade of red;

b.   The use of the color scheme – the blue and red sections run left to right, as Plaintiff's blue and pink sections run left to right;

c.   Like Plaintiff's packaging, Defendant's packaging uses prominent white lettering to display the brand name on the front of the box in the bright blue section;

d.   As on REYNOLDS WRAP, Defendant's packaging uses a silver band to separate the blue from the red sections of the front of the box;

e.   Defendant's package places quantity information (square footage) on the right side of the front of the box in the red section, and includes, in white lettering, the number of yards by inches;

f.   Defendant prominently displays,  on the front of the right side of the box, that its product was "MADE IN USA," just as Plaintiff's package does;

g.  Defendant's box uses the "Lift" graphic to indicate how to open the box;

h.  Defendant's box uses graphics showing how-to information such as, *inter alia*, "Cover" to "Keep[] Food Moist" and  use it in "Preparation":  "Perfect to Line Roasting Pans . . ."; and

i.  Defendant's name is positioned on the top flap of the box, as is Plaintiff's.

31.    Defendant has combined all of these elements on a box that has the same width and approximate height and depth as Plaintiff's box.

32.    Even more, Defendant's package references REYNOLDS WRAP, stating: "COMPARE TO REYNOLDS WRAP FOIL."

33.    Upon information and belief, Defendant is advertising, planning to sell, offering to sell, selling, distributing, and/or causing to be sold or distributed the infringing product packaging shown in paragraphs 25 and 29 in a variety of different sizes of aluminum foil roll products, and thus Plaintiff alleges that each and every size of such products using the same box design infringes Plaintiff's REYNOLDS WRAP trade dress rights.

34.    Additionally,  through  discovery  Plaintiff  has  learned  that  Defendant  is manufacturing, or causing to be manufactured, advertising, offering to sell, selling and/or distributing additional aluminum foil products that use product packaging that bear the Reynolds Wrap Marks, or trade dress impermissibly similar thereto (such additional infringing products to be included in the definition of "Infringing Products," *supra*).  Below are photographs depicting additional of Defendant's aluminum foil products infringing Plaintiff's REYNOLDS WRAP trade dress.

35.    For example, Defendant's "non-stick heavy duty aluminum foil product" ("Defendant's Non-Stick Product") uses product packaging that infringes and dilutes Plaintiff's

- 11 -

REYNOLDS WRAP trade dress.  Below is a photograph of Defendant's Non-Stick Product compared to Plaintiff's REYNOLDS WRAP-brand heavy duty non-stick foil product.





36.     Additionally, upon information and belief, Defendant is advertising, offering for sale, selling, distributing  and/or causing the distribution and sale of both "standard" and "heavy duty" aluminum foil roll products using the product packaging depicted in the first photograph below, in a variety of sizes, including at least: (a) Handi-Foil standard aluminum foil roll, 12" x 25'; (b) Handi-Foil standard aluminum foil roll, 12" x 75'; and (c) Handi-Foil heavy duty aluminum foil roll, 12" x 50'.



37.     Below is a photograph of one of Defendant's product using the newly identified infringing and diluting product packaging design compared to one of Plaintiff's REYNOLDS WRAP heavy duty products using the trade dress alleged to be infringed and diluted in this case.





38.     Further, upon information and belief, Defendant is advertising, offering for sale, selling, distributing  and/or causing the distribution and sale of both "standard" and "heavy duty" aluminum foil roll products using the product packaging design depicted in photographs below, in a variety of sizes, including at least: (a) Handi-Foil heavy duty aluminum foil roll, 12" x 50'; (b) Handi-Foil standard aluminum foil roll, 12" x 30'; (c) Handi-Foil standard aluminum foil roll 12" x 200'; (d) Handi-Foil heavy duty aluminum foil roll, 12" x 50'; (e) Handi-Foil heavy duty aluminum foil roll, 18" x 37.5'; (f) Handi-Foil heavy duty aluminum foil roll, 18" x 75'; (g) Handi-Foil standard aluminum foil roll, 12" x 70'; (h) Handi-Foil heavy duty aluminum foil roll, 12" x 45'; (i) Handi-Foil standard aluminum foil roll, 12" x 250'; and (j) Handi-Foil standard aluminum foil roll, 12" x 25'.





39.     Below is a photograph of one of Defendant's products using one of the newly identified infringing and diluting product packaging designs compared to one of Plaintiff's REYNOLDS WRAP heavy duty products using the trade dress alleged to be infringed and diluted in this case.



40.     Although Plaintiff has identified herein examples of Defendant's products which Plaintiff alleges, upon information and belief, violate Plaintiff's trade dress rights, such as products in particular sizes depicted in photographs of Defendant's products, Plaintiff alleges that each and every product that uses Defendant's product packaging designs as shown in this First Amended Complaint violate Plaintiff's trade dress, regardless of the size of any of Defendant's products.

41.     Defendant is not affiliated with or sponsored by Plaintiff and has not been authorized by Plaintiff to use any of its trademarks, designs, or trade dress to identify its products.

42.     Upon information and belief, Defendant adopted the Reynolds Wrap Marks and referenced REYNOLDS WRAP on its packages at least in part to deceive, mislead, and confuse the public into believing that Plaintiff was and is the source of Defendant's products or that Defendant's products and related goods and activities are affiliated with Plaintiff, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff through its use of the Reynolds Wrap Marks.

<u>Effect of Defendants' Activities on Plaintiffs and the Consuming Public</u>

43.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above and its use of REYNOLDS WRAP on its package is likely to cause confusion,

mistake, and/or deceive customers and potential customers of Plaintiff, at least as to an affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods.

44.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above and its use of REYNOLDS WRAP on its package falsely indicates to the purchasing public that Defendant's goods and/or services originate with Plaintiff, or are affiliated, connected, or associated with Plaintiff, or are sponsored, endorsed, or approved by Plaintiff, or are in some manner related to Plaintiff and/or its goods.

45.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above and its use of REYNOLDS WRAP on its package falsely designates the origin of Defendant's goods and falsely and misleadingly describes and represents facts with respect to Defendant and its goods.

46.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above and its use of REYNOLDS WRAP on its package enables it to trade on and receive the benefit of goodwill in the Reynolds Wrap Marks and REYNOLDS WRAP, which Plaintiff has built up with great labor and expense over decades.  Defendant's unauthorized use also enables it to gain acceptance for its own goods, not solely on their own merits, but on the reputation and goodwill of Plaintiff and its trademarks and trade dress.

47.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above blurs and dilutes the distinctive quality of Plaintiff's famous Reynolds Wrap Marks.

48.     Defendant's unauthorized use of the Reynolds Wrap Marks began after the Reynolds Wrap Marks became distinctive and famous.

49.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above unjustly enriches Defendant at Plaintiff's expense.

50.     Defendant's unauthorized use of the Reynolds Wrap Marks in the manner described above deprives Plaintiff of the ability to control the nature and quality of goods provided under its marks and trade dress and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant, over whom Plaintiff has no control.

51.     Upon information and belief, Defendant's acts complained of herein have been deliberate, willful, intentional, and in bad faith, with full knowledge and in conscious disregard of Plaintiff's rights and with an intent to trade on Plaintiff's goodwill in the Reynolds Wrap Marks.

52.     Plaintiff has been and continues to be damaged by Defendant's above-stated activities and conduct.  Defendant has profited thereby and, unless enjoined, Plaintiff's business, goodwill, and reputation will suffer irreparable injury, which cannot be adequately calculated or compensated for solely by money damages.

FIRST CAUSE OF ACTION:

FEDERAL TRADEMARK INFRINGEMENT

53.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

54.     The acts of Defendant complained of herein constitute infringement of Plaintiff's registered marks in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

SECOND CAUSE OF ACTION:

FEDERAL FALSE DESIGNATION OF ORIGIN

55.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

56.     The acts of Defendant complained of herein constitute false designation of origin and unfair competition in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

THIRD CAUSE OF ACTION:

FEDERAL TRADE DRESS INFRINGEMENT

57.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

58.     The acts of Defendant complained of herein constitute infringement of Plaintiff's trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

FOURTH CAUSE OF ACTION:

FEDERAL TRADEMARK DILUTION

59.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

60.     The acts of Defendant complained of herein constitute dilution of Plaintiff's marks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

FIFTH CAUSE OF ACTION:

STATE LAW TRADEMARK INFRINGEMENT

61.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

62.     The acts of Defendant complained of herein constitute infringement of Plaintiff's registered marks in violation of § 59.1-92.12 of the Virginia Code.

SIXTH CAUSE OF ACTION:

COMMON LAW UNFAIR COMPETITION

63.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

64.     The acts of Defendant complained of herein constitute unfair competition in violation of the common law of the Commonwealth of Virginia and other states.

SEVENTH CAUSE OF ACTION:

UNJUST ENRICHMENT

65.     Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

66.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at Plaintiff's expense.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

(a)     Defendant, its agents, servants, employees, and all those persons in active concert or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

(i)     Manufacturing, advertising, offering to sell, selling, or distributing aluminum foil in the packaging currently used for the Infringing Products or any packaging substantially similar thereto;

(ii)     Using in any manner the Infringing Products and the Reynolds Wrap Marks or trade dress, alone or in combination with any word(s) or design(s) that so resemble each said trademark or trade dress so as to be likely to cause confusion, deception, or mistake on or in connection with the manufacture, advertising, offering for sale,  sale or distribution of any product not Plaintiff's product or not authorized by Plaintiff to be sold in connection with each of the Reynolds Wrap Marks;

(iii)     Passing off, inducing, or enabling others to sell or pass off the Infringing Products and any other product as and for products produced by Plaintiff that are not

produced under the control and supervision of Plaintiff and approved by Plaintiff for sale under the Reynolds Wrap Marks;

(iv)    Engaging in any conduct that tends falsely to represent or is likely to confuse, mislead, or deceive purchasers, Defendant's customers, and members of the public to believe that the Infringing Products and Defendant are connected with Plaintiff or are sponsored, approved, or licensed by Plaintiff or are in some way connected or affiliated with Plaintiff;

(v)    Further diluting and infringing the Reynolds Wrap Marks and trade dress and damaging Plaintiff's goodwill;

(vi)    Otherwise unfairly competing with Plaintiff in any manner;

(vii)    Using any reproduction, counterfeit, copy, or colorable imitation of any of the Reynolds Wrap Marks or trade dress in connection with the publicity, promotion, sale, or advertising of products manufactured, received, acquired, imported, shipped, purchased, sold, offered for sale, or distributed by Defendant bearing a copy or colorable imitation of any of the Reynolds Wrap Marks or trade dress;

(viii)    Affixing, applying, annexing, or using in connection with the manufacture, advertising, receiving, acquisition, importation, shipment, purchase, sale, offer for sale, or distribution of any goods a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Plaintiff's products and from offering such goods in commerce;

(ix)    Destroying any records documenting the manufacture, sale, or receipt of the Infringing Products; and

(x)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (i) through (ix) above.

(b)     Defendant be required to recall all Infringing Products that have not been sold by any retailer or distributor to which Defendant has distributed or sold the Infringing Products and notify all such retailers and distributors that they are not to sell the Infringing Products.

(c)     Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in Defendant's possession or control that use any trademark, design, or trade dress similar to the Reynolds Wrap Marks and/or trade dress or that incorporates the Reynolds Wrap Marks and/or trade dress.

(d)     Defendant be ordered to file with this Court and to serve upon Plaintiff, within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

(e)     Plaintiff recover all damages sustained as a result of Defendant's activities and that said damages be trebled.

(f)     An accounting be directed to determine Defendant's profits resulting from its activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

(g)     Plaintiff recover its reasonable attorneys' fees.

(h)     Plaintiff recover punitive damages and its costs of this action, together with prejudgment and post-judgment interest.

(i)      Plaintiff recover such other and further relief as the Court deems just and proper.

Dated:  July 3, 2013

By: /s/ Paul E. Sumilas_____
     Paul E. Sumilas (VSB #75498)
FULBRIGHT & JAWORSKI L.L.P.
Market Square
801 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 662-0200
Facsimile:  (202) 662-4643
Email: paul.sumilas@nortonrosefulbright.com

OF COUNSEL:
Mark N. Mutterperl
FULBRIGHT & JAWORSKI L.L.P.
666 Fifth Avenue
New York, New York  10103
Telephone:  (212) 318-3000
Facsimile:   (212) 318-3400
Email: mark.mutterperl@nortonrosefulbright.com

*Attorneys for Plaintiff Reynolds Consumer Products Inc.*

<u>CERTIFICATE OF SERVICE</u>

*Reynolds Consumer Products, Inc. v. Handi-Foil Corporation,*

Case No. 1:13-CV-214 (Eastern District of Virginia)

The undersigned counsel for plaintiff Reynolds Consumer Products, Inc. hereby certifies that on July 3,  2013, the above and foregoing will be electronically filed with the Clerk of the Court using the CM/ECF system, which will send, as appropriate, an automatic notification of such filing to the following:

> Brian N. Gross
> Kirkland & Ellis L.L.P.
> 655 15th Street, NW
> Suite 12
> Washington, D.C. 20005
> Email:  brian.gross@kirkland.com

The undersigned counsel also certifies that a copy of the above and foregoing will be sent via electronic mail via agreement between the parties to the following non-filing users:

| | |
|---|---|
| D. Sean Trainor<br>Kirkland & Ellis LLP<br>655 15th Street, NW<br>Suite 12<br>Washington, D.C. 20005<br>dtrainor@kirkland.com | David Callahan<br>Ian J. Block<br>Robin A. McCue<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>dcallahan@kirkland.com<br>ian.block@kirkland.com<br>rmccue@kirkland.com |

/s/ James Neale

James Neale