IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

REYNOLDS CONSUMER PRODUCTS INC.,

Plaintiff,

v.

HANDI-FOIL CORPORATION,

Defendant.

Civil Action No.:  1:13-CV-214 LO/TRJ

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR COSTS AND ATTORNEY'S FEES

John G. Froemming (VSB No. 25319)
Jessica D. Bradley (VSB No. 70830)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: jfroemming@jonesday.com
Email: jbradley@jonesday.com

*Attorneys for Plaintiff*
*Reynolds Consumer Products LLC*

## TABLE OF CONTENTS

**Page**

I.      Preliminary Statement ................................................................................ 1

II.     Reynolds Is Entitled To Recover Costs ...................................................... 2

III.    Reynolds' Recoverable Costs ...................................................................... 5

        A.      Fees Of The Clerk ............................................................................ 5

        B.      Pre-Trial And Trial Transcripts ....................................................... 6

        C.      Witnesses ......................................................................................... 8

        D.      Trial Exhibits ................................................................................. 10

        E.      Document Production ..................................................................... 11

        F.      Depositions .................................................................................... 13

        G.      Docket Fees .................................................................................... 16

IV.     The Court Should Order Reimbursement of Reynolds' Attorney's Fees For the
        Trial and Final Preparation .......................................................................... 16

        A.      The Case Qualifies As "Exceptional" ............................................ 17

        B.      Reynolds Requested Attorney's Fees Are Reasonable ................... 19

                1.      Calculation of Lodestar Figure ............................................ 21

                2.      Analysis of the Barber/Johnson Factors Demonstrates that
                        Reynolds Requested Fees Are Reasonable ........................... 23

V.      Conclusion ................................................................................................. 29

# TABLE OF AUTHORITIES

**Page**

<small>CASES</small>

*Abernathy v. Clarke,*
    857 F.2d 237, 239 (4th Cir. 1988) ..........................................................................26

*Act II Jewelry, LLC v. Mu Ying Zhu,*
    Case No. 2:09-cv-407 (E.D. Va. June 22, 2010) ....................................................26

*All Am. Title Loans, Inc. v. Title Cash of S.C., Inc.,*
    2007 U.S. Dist. LEXIS 36431 (D.S.C. May 17, 2007)...........................................24

*Amdocs (Isr.) Limited v. Openet Telecom, Inc.,*
    2013 U.S. Dist. LEXIS 42300 (E.D. Va. 2013).....................................................14

*Barber v. Kimbrell's Inc.,*
    577 F.2d 216 (4th Cir. 1978) .................................................................................20

*Blanchard v. Bergeron,*
    489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)........................................20, 27

*Bland v. Fairfax County,*
    2011 U.S. Dist. LEXIS 128522 (E.D. Va. Nov. 7, 2011)......................................21

*Board of Directors, Water's Edge v. Anden Group,*
    135 F.R.D. 129 (E.D. Va. 1991) ............................................................................15

*Constantino v. American S/T Achilles,*
    580 F.2d 121 (4th Cir. 1978) ...................................................................................2

*Cook v. Magellan Health Services, Inc.,*
    2013 U.S. Dist. LEXIS 69916 (E.D. Va. 2013).....................................................15

*Delta Air Lines v. August,*
    450 U.S. 346 (1981)..................................................................................................3

*Dollar Tree Stores, Inc. v. Norcor Bolingbrook Assocs.,*
    LLC, 699 F.Supp.2d. 766 (E.D. Va. 2009)............................................................20

*Firehouse Rest. Group, Inc. v. Scurmont LLC,*
    2011 U.S. Dist. LEXIS 119610 (D.S.C. Oct. 17, 2011) ...............................24. 26

*Ford v. Zalco Realty, Inc.,*
    708 F. Supp. 2d 558 (E.D. Va. 2010) ....................................................................13

## TABLE OF AUTHORITIES
(continued)

**CASES**

*Francisco v. Verizon South, Inc.,*
    272 F.R.D. 436 (E.D. Va. 2011) ........................................................14

*G v. Fort Bragg Dependent Sch.,*
    343 F.3d 295 (4th Cir. 2003) ...........................................................3

*Georgia-Pacific Consumer Prods. LP v. Von Drehle Corp.,*
    2013 U.S. Dist. LEXIS 105740 (E.D.N.C. July 28, 2013) ....................29

*Goldstein v. Costco Wholesale Corp.,*
    2004 U.S. Dist. LEXIS 22041 (E.D. Va. June 14, 2004) .....................16

*Hensley v. Eckerhart,*
    461 U.S. 424 (U.S. 1983) ............................................................3, 28

*Hinton v. Trans Union, LLC,*
    2009 U.S. Dist. LEXIS 132406 (E.D. Va. 2009) ...............................12

*In re Outsidewall Tire Litigation,*
    748 F. Supp. 2d 557 (E.D. Va. 2010) .............................................29

*Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC,*
    747 F. Supp. 2d 568 (W.D.N.C. 2010) ...................................18, 24, 28

*Jefferson v. Briner, Inc.,*
    2006 U.S. Dist. LEXIS 70819 (E.D. Va. 2006) ................................10

*Johnson v. Ga. Highway Express, Inc.,*
    488 F.2d 714 (5th Cir. 1974) ......................................................20, 27

*Jop v. City of Hampton,*
    163 F.R.D. 486 (E.D. Va. 1995) ...................................................4, 13

*LaVay Corp. v. Dominion Federal Savings & Loan Ass'n,*
    830 F.2d 522 (4th Cir. 1987) .......................................................13

*Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc.,*
    176 F. Supp. 2d 510 (D.S.C. 2001) ................................................26

*Lorillard Tobacco,*
    2012 U.S. Dist. LEXIS 159255 (E.D. Va. Nov. 6, 2012) .....................24

*Lytle v. Commissioners of Election of Union County,*
    541 F.2d 421 (4th Cir. 1976) .........................................................3

# TABLE OF AUTHORITIES
(continued)

CASES

*Mann v. Heckler & Koch Defense, Inc.*,
   2011 U.S. Dist. LEXIS 46045 (E.D. Va. 2011).........................................................6

*Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*,
   88 F.R.D. 588 (E.D. Va. 1980) ..............................................................6, 7, 8

*Marks Constr. Co. v. Huntington Nat'l Bank*,
   2010 U.S. Dist. LEXIS 89186 (N.D. W. Va. Aug. 27, 2010)...............................26

*Moore v. SouthTrust Corp.*,
   392 F.Supp.2d 724 (E.D. Va. 2005) ..............................................................20

*Newport News Holdings Corp. v. Virtual City Vision, Inc.*,
   650 F.3d 423 (4th Cir. 2011) .......................................................................18

*O'Bryhim v. Reliance Std. Life Ins. Co.*,
   997 F. Supp. 728 (E.D. Va. 1998) ...............................................................26

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
   No. 12-1184 (U.S.) (April 29, 2014) ...............................................1, 17, 18, 19

*Porter v. Elk Remodeling, Inc.*,
   2010 U.S. Dist. LEXIS 89037 (E.D. Va. Aug. 27, 2010) (O'Grady, J.) .........................25, 28

*Principe v. McDonalds Corp.*,
   95 F.R.D. 34 (E.D. Va. 1982) ...................................................................6, 7

*Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*,
   2009 U.S. Dist. LEXIS 98742 (E.D. Va. 2009).........................................4, 23, 24, 25

*Robinson v. Equifax Info. Servs., LLC*,
   560 F.3d 235 (4th Cir. 2009) ...................................................................19, 20

*Ross v. Saint Augustine's College*,
   103 F.3d 338 (4th Cir. 1996) .......................................................................4

*Scotch Whisky Ass'n v. Majestic Drilling Co., Inc.*,
   958 F.2d 594 (4th Cir. 1991) ......................................................................18

*Selchow & Righter, Inc. v. Decipher, Inc.*,
   1985 WL 5939 (E.D. Va. Dec. 20, 1985) ...........................................................18

*Spell v. McDaniel*,
   824 F.2d 1380 (4th Cir. 1987) .....................................................................21

# TABLE OF AUTHORITIES
### (continued)

**PAGE**

**CASES**

*Sperry Rand Corp. v. A-T-O, Inc.*,
   58 F.R.D. 132 (E.D. Va. 1973) ....................................................................3

*Super Duper, Inc. v. Mattel, Inc.*,
   382 F. App'x 308 (4th Cir. 2010) ...............................................................29

*Superior Form Builders v. Dan Chase Taxidermy Supply Co.*,
   881 F. Supp. 1021 (E.D. Va. 1994) .......................................................25, 29

*Synergistic International, L.L.C. v. Korfman*,
   2007 U.S. Dist. LEXIS 9798 (E.D. Va. 2007)...........................................11

*Taylor v. Republic Services, Inc.*,
   2014 U.S. Dist. LEXIS 11086 (E.D. Va. Jan. 29, 2014) ................. passim

*The County Vintner of North Carolina, LLC v. E.&J Gallo Winery, Inc.*,
   718 F.3d 249 (4th Cir. 2013) ................................................................11, 12

*Toolchex, Inc. v. Trainor*,
   2009 U.S. Dist. LEXIS 64186 (E.D. Va. July 24, 2009) ...........................26

*United States ex rel Vuyyuru v. Jadhav*,
   555 F.3d 337 (4th Cir. 2009) ......................................................................20

*United States v. U.S. Training Ctr., Inc.*,
   829 F. Supp. 2d 329 (E.D. Va. 2011) ........................................7, 11, 13

*Vienna Metro v. Pulte Home Corp.*,
   Case No. 1:10-cv-00502 (ED Va. Aug. 24, 2011)...................................22

**STATUTES**

15 U.S.C. § 1117..................................................................................2, 17

28 U.S.C. § 1821 ...................................................................................8, 9

28 U.S.C. § 1920................................................................................ passim

28 U.S.C. § 1923 ......................................................................................16

28 U.S.C. § 1924 .......................................................................................5

**OTHER AUTHORITIES**

10-54 Moore's Federal Practice - Civil § 54.103 .........................................5

## TABLE OF AUTHORITIES
(continued)

**PAGE**

**CASES**

10-54 Moore's Federal Practice - Civil § 54.101 ............................................................3

Fed. R. Civ. P. 54....................................................................................................2, 5

Local Rule 79.................................................................................................................10

WAI-3173300v1

Plaintiff Reynolds Consumer Products LLC ("Reynolds") respectfully submits this Memorandum in Support of its Motion For Costs and Attorney's Fees.[1]   Reynolds is entitled to costs because it established infringement and was the prevailing party.  The Court should also order reimbursement of its reasonable attorney's fees for trial and final preparation because the jury's finding of willful infringement and the supporting evidence qualify this case as "exceptional" as the Supreme Court interpreted this statutory term yesterday in *Octane Fitness, LLC v. Icon Health & Fitness, Inc*., No. 12-1184 (U.S.) (April 29, 2014).

## I.      Preliminary Statement

A spirited defense by Handi-Foil, including live testimony from nearly every senior executive it had, was not enough to persuade the jury from reaching the obvious conclusion: Handi-Foil willfully infringed Reynolds' common law trade dress rights.  Handi-Foil attempted to explain away just how it came to use a remarkably similar packaging to Reynolds' famous trade dress.  The jury rejected their explanations and found willful infringement.  That finding by the jury, under the current law (as announced yesterday by the U.S. Supreme Court), makes this case an exceptional one, and merits an award of Reynolds' attorney's fees.

Reynolds' request for reimbursement of its fees is limited to those fees expended from the date it heeded the Court's advice to attempt to settle case prior to trial, *i.e.*, the day Reynolds made Handi-Foil a generous settlement offer to which Handi-Foil made no response – March 3, 2014.  Reynolds offers this limitation in recognition that it did not prevail on every count (e.g., dilution or false advertising), although its victory was still substantial (*i.e.¸* common law willful infringement and defeat of Handi-Foil's cancellation counterclaim).   Reynolds' limited fee

---

[1] The parties met and conferred on April 28, 2014 regarding this motion.

request, for the last month of a fourteen month litigation, demonstrates a reasonable approach that fulfills the statutory goals of holding a willful infringer to the consequences of its actions.

## II.    Reynolds Is Entitled To Recover Costs

Section 35(a) of the Lanham Act provides that when "a violation under section 1125(a) or (d) of this title … shall have been established in any civil action arising under this Act, the plaintiff shall be entitled … to recover … the costs of the action."   15 U.S.C.  § 1117(a). Additionally, Fed. R. Civ. P. 54(d)(1) also provides that costs "should be allowed to the prevailing party."   Reynolds is entitled to recover its costs, as it established infringement of its common law package designs under section 1125(a) and was thus the prevailing party.

In the Second Amended Complaint, Reynolds asserted a trademark infringement claim under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on its federal common law rights in its packaging design against Handi-Foil's Dollar Tree, Blue Box 2, Grocery Box, and Non-stick packages.  (Dkt. No. 56, pp. 5-6 ¶¶ 11-14, p. 10 ¶ 29, pp. 12-14 ¶¶ 35-39, and p. 22 ¶¶ 81-82 (Third Cause of Action); *see also* Ex. 49, ¶¶ 13, 18, 21.)  On March 28, 2014, the jury returned a verdict finding that Handi-Foil's Dollar Tree, Blue Box 2, Grocery Box, and Non-stick packages infringed Reynolds' common-law packaging design, and that such infringement was willful. (Dkt. No. 250, pp. 3, 7 (Questions 2 and 8(b)).)  Accordingly, Reynolds is entitled to recover costs under section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

Reynolds is also the prevailing party because Reynolds prevailed on its federal common law trade dress claim; it also prevailed on summary judgment in defeating Handi-Foil's counterclaim to cancel Reynolds' trade dress registrations.  (Dkt. No. 250, pp. 3, 7 (Questions 2 and 8(b)); Dkt. No. 164, p. 7.)  It is "normal practice" for a prevailing party to be awarded costs, and courts generally have held that Fed. R. Civ. P. 54(d)(1) establishes a presumption in favor of awarding costs to prevailing parties.  *See Constantino v. American S/T Achilles*, 580 F.2d 121,

123 (4th Cir. 1978) (vacating district court's denying costs as the court provided no reason for its "departure from the normal practice"); *Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("prevailing plaintiffs presumptively will obtain costs under Rule 54 (d)"); 10-54 Moore's Federal Practice - Civil § 54.101 ("the Rule [54(d)(1)] creates a strong presumption that the prevailing party will recover costs under the Rule").

"A prevailing party is one who succeeds on any significant issue and thereby achieves some of the benefit he sought in commencing the litigation." *Abernathy v. Clarke*, 857 F.2d 237, 239 (4th Cir. 1988) (reversing denial of costs under the Equal Access to Justice Act); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (U.S. 1983) (same) (setting standard formulation for "prevailing party" for recovery of attorney's fees); *Taylor v. Republic Services, Inc.*, 2014 U.S. Dist. LEXIS 11086, *11 (E.D. Va. Jan. 29, 2014) (same) (awarding attorney's fees even though plaintiff was only successful on one of her seven claims).

Reynolds need not have prevailed on every single claim in the litigation in order to be deemed the prevailing party. *Lytle v. Commissioners of Election of Union County*, 541 F.2d 421 (4th Cir. 1976) (position that plaintiff must win on all issues to be "prevailing party" is without merit, stating "[a]lthough a plaintiff may not sustain his entire claim, if judgment is rendered for him he is the prevailing party") (noting same analysis applicable to term "prevailing party" in Fed. R. Civ. P. 54 as to term as used in statute for award of attorney's fees); *G v. Fort Bragg Dependent Sch.*, 343 F.3d 295, 310 (4th Cir. 2003) ("an award of attorneys' fees conditioned on a party's having prevailed does not require the party to have prevailed on every claim; the party's obtaining judicially sanctioned and enforceable final relief on some claims is sufficient"); *Sperry Rand Corp. v. A-T-O, Inc.*, 58 F.R.D. 132, 135 (E.D. Va. 1973) (rejecting defendant's argument that plaintiff not entitled to recover costs since prevailed on only one claim as "patently

specious" and holding that "a party in whose favor judgment is rendered is the prevailing party, regardless of whether he sustains his entire claim or only a part thereof"); *Jop v. City of Hampton*, 163 F.R.D. 486, 489 (E.D. Va. 1995) ("a party need not prevail as to all claims in the case in order to be awarded costs in the case"); *Quantum Sys. Integrators, Inc. v. Sprint Nextel Corp.*, 2009 U.S. Dist. LEXIS 98742, *4-*5 (E.D. Va. 2009) (O'Grady, D.J.) (holding that plaintiff that won a jury verdict on the merits of some of its copyright infringement claims was prevailing party under Copyright Act noting the Supreme Court's explanation that "one can be a prevailing party when a party has prevailed on the merits of at least some of his claims") (citation omitted).

Accordingly, the fact that Handi-Foil was not found liable on some of the claims asserted by Reynolds, does not preclude Reynolds from or cut against it being the prevailing party. *See Ross v. Saint Augustine's College*, 103 F.3d 338 (4th Cir. 1996) (denying defendant's challenge to the award of costs to plaintiff holding that "[w]hile the defendants did succeed on many of the claims alleged against them, [plaintiff] succeeded on a significant portion of her claim"). The Court has recognized the core goal of this case for Reynolds has been obtaining an injunction requiring Handi-Foil to change its packaging, and the jury's verdict of willful common law trade dress infringement entitles Reynolds to this relief. [2] (*See* Bradley Decl. Ex. 50, 3:4-7 ("there has never been an issue over what this case was moving forward based on. It was Reynolds wanted an injunction, and they wanted Handi-Foil off the market shelving"); 10:12-13 ("Reynolds, as I said, made the decision early on that the injunction was the most important part of this case.").

---

[2] Pursuant to the parties' Stipulation Regarding Post-Trial Briefing (Dkt. No. 255), Reynolds is concurrently moving for entry of a permanent injunction.

*See also* Bradley Decl. Ex. 42, 550:15-551:4 (Reynolds wanted Handi-Foil to "just stop[]" "copy[ing] our package"); Dkt. No. 56, p. 25 (Prayer for Relief, § a).)

## III.    Reynolds' Recoverable Costs

Pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54(d) and 28 U.S.C. §§ 1920 and 1924, Reynolds, as the prevailing party, seeks the following itemized taxable costs in the amount of $71,285.87 as costs necessary to this litigation.[3]

A bill of costs, and documentation of these costs in the form of receipts and invoices is being filed concurrently herewith.  (*See* Declaration of Jessica Bradley In Support of Reynolds' Motion for Costs and Attorney's Fees, Exhibits  1 - 41.)

### A.    Fees Of The Clerk

Pursuant to 28 U.S.C. §1920(1) Reynolds can collect the fees of the clerk for the filing of the complaint.  *See also* 10-54 Moore's Federal Practice - Civil § 54.103 ("[i]f the plaintiff is the prevailing party, the filing fee is therefore properly taxed against the defendant"); Eastern District of Virginia Taxation Of Costs Guidelines (hereinafter "EDVA Guidelines"), p. 1 § 1.A.1.

| Amount | Invoice Date | Bradley Decl. |
|--------|--------------|---------------|
| $350 | 02/15/13 | Ex. 1; *see also* Dkt. No. 1-3 |

---

[3] As discussed in Section IV.B.2(8) *infra*, Reynolds' claims arise from a common core of facts and are based on related legal theories.  Accordingly, Reynolds is entitled to recover all of its supported costs.  *See Taylor v. Republic Services, Inc.*, 2014 U.S. Dist. LEXIS 11086, *27-28 (E.D. Va. 2014) (holding that "Court will not subtract from [plaintiff's] request those costs incurred on her unsuccessful claims" as they "arise from a common core of facts and are based on related legal theories").

### B.    Pre-Trial And Trial Transcripts

Pursuant to 28 U.S.C. § 1920(2), Reynolds may recover the fees of the court reporter for all or part of the stenographic transcript.  *See* EDVA Guidelines, p. 2 §4.  "The basic standard to be applied in determining whether to allow the expense of a transcript as a taxable cost is whether it was necessarily obtained for use in the case, that is whether it was necessary to counsel's effective performance and proper handling of the case." *Marcoin, Inc. v. Edwin K. Williams & Co., Inc.*, 88 F.R.D. 588, 590 (E.D. Va. 1980).

Reynolds is entitled to recover the cost of the transcript on the hearing on the parties' cross motions for summary judgment as Reynolds used the court's initial rulings and guidance at the hearing in preparing for trial.  *See Mann v. Heckler & Koch Defense, Inc.*, 2011 U.S. Dist. LEXIS 46045, *13 (E.D. Va. 2011) (awarding cost of summary judgment transcript as it "was reasonably necessary to [the party's] trial preparation"); *Marcoin, Inc.*, 88 F.R.D. at 590 (allowing recovery for transcript of hearing on cross motions for summary judgment).

Reynolds also is entitled to recover the cost of the transcript for the hearing on the parties' motions *in limine* and on the hearing on Reynolds' motion for leave to offer rebuttal expert testimony.  The motion *in limine* hearing transcript provided guidance on the court's ruling on the admissibility of exhibits and on other pretrial issues, and the rebuttal expert motion transcript assisted in defining the allowable testimony at trial.  *See Principe v. McDonalds Corp.*, 95 F.R.D. 34, 36-37 (E.D. Va. 1982) (allowing recovery of pretrial transcripts where "the [c]ourt ruled on motions, objections, and proposals of the parties"); *Taylor*, 2014 U.S. Dist. LEXIS at *29-30 (awarding costs of pretrial transcripts that assisted in preparation for trial).  Additionally, the rebuttal expert motion transcript was used in the parties' briefing on the motions *in limine*. (*See* Dkt. No. 222, p. 6 n. 2.)

Reynolds further can recover the cost of the trial transcripts as these transcripts were used to prepare witnesses during trial, in closing arguments and are also being used in post-trial briefing.  *See Marcoin, Inc.*, 88 F.R.D. at 590 (costs for trial transcripts used in briefing allowed); *Principe*, 95 F.R.D. at 36 (holding that "an expedited trial transcript was necessary for an effective and proper handling of this case").

The standard rate applicable to  an ordinary, non-expedited transcript is $3.65 per page. *United States v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329, 332 (E.D. Va. 2011).  However, for motions occurring within the days immediately prior to trial (as the hearing on the parties' motions *in limine* here) an expedited transcript fee is appropriate.  *Id.*  Additionally, the increased cost of daily transcripts for a jury trial are also considered reasonable and appropriate where, as here, both parties ordered the daily transcripts and the cost was split between the parties.  *Id.* (awarding daily transcript rate of $6.05 per page).[4]

Accordingly, Reynolds seeks the following costs for pretrial and trial transcripts:

| Hearing | Pages | Price | Invoice Date | Bradley Decl. | Total |
|---------|-------|-------|--------------|---------------|-------|
| Summary Judgment (1/10/14) | 39 | $3.65 | 1/13/14 | Ex. 2 | $142.35 |
| Rebuttal Expert Motion (2/28/14) | 13 | $3.65 | 2/28/14 | Ex. 3 | $47.45 |
| Motions *in Limine* (3/21/14) | 47 | $4.85 | 3/25/14 | Ex. 4 | $227.95 |
| Trial (daily transcripts) (3/24/14-3/28/14) | 1128 | $6.00 | 3/25/14 | Ex. 4 | $6,768.00 |
| **Total** | | | | | **$7,185.75** |

---

[4] The parties here both ordered a daily trial transcript and the court reporter split the cost of the same between the parties.  (*See* Bradley Decl. Ex. 5.)

### C.       Witnesses

Pursuant to 28 U.S.C. § 1920(3), the Court may tax "[f]ees and disbursements for …

witnesses."  Under § 1821, "[a] witness shall be paid an attendance fee of $40 per day for each

day's attendance.   A witness shall also be paid the attendance fee for the time necessarily

occupied in going to and returning from the place of attendance at the beginning and end of such

attendance or at any time during such attendance."  28 U.S.C. § 1821(b); *see also* EDVA

Guidelines, p. 3 § 6.A.1.  "Witness fees for officers, directors, stockholders and employees of a

corporation are taxable if the officers are not defendants and recovery is not sought against the

officers individually."   EDVA Guidelines, p. 4 § 6.A.5; *see also Marcoin, Inc. v. Edwin K.

Williams & Co., Inc.*, 88 F.R.D. 588, 591 (E.D. Va. 1980) (allowing witness attendance fees for

officers and attorneys of a company).

"A witness who travels by common carrier shall be paid for the actual expenses of travel

on the basis of the means of transportation reasonably utilized and the distance necessarily

traveled to and from such witness's residence by the shortest practical route in going to and

returning from the place of attendance." 28 U.S.C. § 1821(c)(1).  "[T]axicab fares between

places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking

receipt), shall be paid in full to a witness incurring such expenses." 28 U.S.C. § 1821(c)(3).  For

witnesses traveling by private vehicle, "[a] travel allowance equal to the mileage allowance

which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5,

for official travel of employees of the Federal Government shall be paid to each witness."  28

U.S.C. § 1821(c)(2).  The current mileage allowance prescribed by the Administrator of General

Services is $0.56 cents per mile.  (*See* Bradley Decl. Ex. 6.)

"A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1).  Reynolds requests a subsistence allowance for David Bryla (residence in Chicago, Illinois), Sarah Butler (resident in San Francisco, California), and Douglas Mickle (resident of Richmond, Virginia).  "A subsistence allowance for a witness shall be paid in an amount not to exceed the maximum per diem allowance prescribed by the Administrator of General Services … for official travel in the area of attendance by employees of the Federal Government." 28 U.S.C. § 1821(d)(2).

| Witness | Attendance (No. Days x $40) | Travel | Subsistence | Bradley Decl. | Total |
|---|---|---|---|---|---|
| David Alderete (Todd Weaver) | $40.00 (1 day) | N/A | N/A | N/A | $40.00 |
| David Bryla | $160.00 (4 days)[5] | $759.04 (airfare and taxis) | $652.23[6] | Exs. 7-9 | $1,571.27 |
| Yelena Burkut (Emily Hallen) | $40.00 (1 day) | 64.06 | N/A | Ex. 10 | $104.06 |
| Sarah Butler | $160.00 (4 days)[7] | $709.99 (airfare) | $869.64 | Exs. 11-12 | $1,739.63 |
| Karen Laney (Christina DeFeo) | $40.00 (1 day) | N/A | N/A | N/A | $40.00 |

[5] This calculation includes one day of travel each going to and returning from trial, and Mr. Bryla's two days of testimony.

[6] The nightly rate for the hotel for David Bryla, Sarah Butler, and Douglas Mickle was $217.41, which is less than the allowed per diem rate of $224.00 established by the GSA for Alexandria for March 2014.  (Bradley Decl. Ex. 13.)  Additionally, the requested amount for David Bryla includes only three nights to cover the time period of his actual testimony at trial.

[7] This calculation includes one day of travel each going to and returning from trial, Ms. Butler's one day of testimony, and her presence in the courtroom for one day of testimony of Handi-Foil's trademark survey expert Mr. Ran Kivetz.

-9-

| Witness | Attendance (No. Days x $40) | Travel | Subsistence | Bradley Decl. | Total |
|---------|------------------------------|--------|-------------|---------------|-------|
| Douglas Mickle | $80.00 (2 days) | $118.94[8] | $434.82 | Exs. 14-15 | $633.76 |
| Jim Osterreicher (Milton Holmes) | $80.00 (2 days)[9] | $38.00 | N/A | Ex. 16 | $118.00 |
| Peter Perkins (Todd Weaver) | $40.00 (1 day) | N/A | N/A | N/A | $40.00 |
| Scott Salzstein (Dan McCaffrey) | $40.00 (1 day) | N/A | N/A | N/A | $40.00 |
| David Sarnoff (Tom Polson) | $80.00 (2 days) | $63.00 | N/A | Ex. 16 | $143.00 |
| Kerry Ulmer (Devony Willis) | $40.00 (1 day) | $91.00[10] | N/A | Ex. 16 | $131.00 |
| **Total** | $800.00 | $1,844.03 | $1,956.69 | | **$4,600.72** |

## D.     Trial Exhibits

Reynolds requests the cost of copying its trial exhibits for the Court, opposing counsel, and one set for Reynolds' use pursuant to 28 U.S.C. § 1920(4).  "[C]opying costs are necessarily incurred in the pursuit of a successful effort, whether or not the materials are actually made part of the record."  *Jefferson v. Briner, Inc.*, 2006 U.S. Dist. LEXIS 70819, *6 (E.D. Va. 2006).

Local Rule 79 requires a party to provide "the original and two (2) copies" of all trial exhibits for the Court and "copies in the same form to the opposing party."   Accordingly, Reynolds seeks reimbursement for three sets of exhibits provided to the Court and three sets of

---

[8] This calculation consists of the roundtrip mileage from Mr. Mickle's home address to the courthouse of 212.4 miles multiplied by GSA mileage rate of $0.56.  (Bradley Decl. Ex. 14.)

[9] The individuals playing the roles of Jim Osterreicher and Tom Polson were in attendance in court on March 24 in addition to the day they testified (on March 25) to be available in case Reynolds had sufficient time to present additional witnesses on March 24.

[10] These costs consist of cab fare to and from the courthouse for the five witnesses being presented by deposition that attended court on Monday March 24.

exhibits provided to opposing counsel.  *U.S. Training Ctr., Inc.*, 829 F. Supp. at 337 (costs "related to the preparation of trial exhibits…that are readily discernible from the submitted invoices, are deemed to have been 'necessary' for defendant's use in the case and are thus awarded in full"); *see also* EDVA Guidelines at p. 4 § 7.A.1 (costs for "provision of additional copies [of trial exhibits] for the Court and opposing parties" are taxable).  Reynolds also seeks costs for one internal set of its trial exhibits.  *See Taylor*, 2014 U.S. Dist. LEXIS 11086 at*34-35 (allowing recovery for internal copies of trial exhibits).

| Amount | Invoice Date | Bradley Decl. |
|--------|--------------|---------------|
| $18,477.70[11] | 03/19/14 | Ex. 17 |

Reynolds also seeks the cost of obtaining certified copies of its trade dress registrations from the United States Patent and Trademark Office.  *See Synergistic International, L.L.C. v. Korfman*, 2007 U.S. Dist. LEXIS 9798, *16 (E.D. Va. 2007) (taxation of costs "incurred to obtain a current certified copy of [p]laintiff's trademark registration is proper under 28 U.S.C. §1920"); *see also* EDVA Guidelines, p. 4 § 7.B.5 ("cost of patent file wrappers and prior art patent are taxable at the rate charged by the patent office")

| Amount | Invoice Date | Bradley Decl. |
|--------|--------------|---------------|
| $60.00 | 03/14/14 | Ex. 18 |

### E.    Document Production

The cost of copying hard copy documents for production in discovery are taxable pursuant to 28 U.S.C. § 1920(4).  *See The County Vintner of North Carolina, LLC v. E.&J Gallo*

---

[11] This amount was calculated by subtracting the costs for tabs from the invoice total, then dividing the remainder by eight (to obtain a cost per exhibit set), and then multiplying that cost by seven to reach an amount for the seven sets of exhibits for which Reynolds requests costs.

*Winery, Inc.*, 718 F.3d 249, 257-58 (4th Cir. 2013) ("the plain language and weight of authority establish that the costs of exemplifications and copies in discovery are taxable under § 1920(4)"); *Hinton v. Trans Union, LLC*, 2009 U.S. Dist. LEXIS 132406, *7 (E.D. Va. 2009) ("taxation of [party's] costs in responding to discovery requests is covered by §1920(4)").

Accordingly, Reynolds seeks the following copying costs for production of hard copy documents during discovery:

| Invoice Date | Bradley Decl. | Amount |
|---|---|---|
| 06/13/13 | Ex. 19 | $3,450.38 |
| 07/11/13 | Ex. 20 | $7,311.60 |
| 09/13/13 | Ex. 21 | $274.76 |
| **Total** | | **$11,036.74** |

The Fourth Circuit has recently held that the "conversion of native files to TIFF and PDF formats, and the transfer of files onto CDs, constituted 'making copies' under § 1920(4)" and accordingly are taxable costs. *County Vintner of North Carolina,* 718 F.3d 249 at 261. Additionally, the Fourth Circuit noted that although not present in the case before it, if a case required production of ESI-unique information such as metadata, or if the parties clearly agreed to the production of ESI on a particular database or in native file format, then the costs related to such tasks were also likely taxable. *Id.* at 260-261. Here, the parties' Joint Discovery Plan required production of electronically stored information in specific formats, and further required production of metadata. *See* Dkt. No. 19, pp. 3-5 §§ 5-6.

Accordingly, Reynolds seeks the following copying costs for production of electronically stored information during discovery:

| Invoice Date | Task | Bradley Decl. | Amount |
|---|---|---|---|
| 07/03/13 | Processing data for electronic document production | Ex. 22 | $5,722.89 |
| 08/01/13 | Conversion to TIFF and processing data for electronic document production | Ex. 23 | $470.58 |
| 08/31/13 | CD and DVD copying for document production | Ex. 24 | $544.38 |
| 09/03/13 | Conversion to TIFF and processing data for electronic document production | Ex. 25 | $990.14 |
| **Total** | | | **$7,727.99** |

## F.       Depositions

Reynolds seeks to recover $21,854.41 in costs incident to the taking of depositions pursuant to 28 U.S.C. §1920(2).   "A district court should award costs when the taking of a deposition is reasonably necessary at the time of its taking."  *LaVay Corp. v. Dominion Federal Savings & Loan Ass'n*, 830 F.2d 522, 528 (4th Cir. 1987) (reversing denial of costs for obtaining deposition transcripts).   "A deposition taken within the proper bounds of discovery, even if not used at trial, will normally be deemed to be 'necessarily obtained for use in the case.'"  *Ford v. Zalco Realty, Inc.*, 708 F. Supp. 2d 558 (E.D. Va. 2010) (allowing recovery for deposition transcripts noting that all of the deponents were on the parties' witness lists).   A deposition does not need to be used at trial in order to be recoverable as costs.  *LaVay Corp.*, 830 F.2d at 528; *Jop*, 163 F.R.D. at 488; *United States v. U.S. Training Ctr., Inc.*, 829 F. Supp. 2d 329 (E.D. Va. 2011) ("applicable standard for recovery of deposition-related costs pursuant to 28 U.S.C. § 1920 is not whether a deposition is ultimately used at trial"); EDVA Guidelines at p. 5 §9.   "The only requirement is that the information be relevant and material for the preparation in the litigation."

*Taylor*, 2014 U.S. Dist. LEXIS 11086 at *30-31 (allowing recovery for deposition transcripts not used at trial where the testimony was "necessary to flesh out [plaintiff's] claims at trial").

In addition to the original transcripts, the following costs associated with depositions are also recoverable, court reporter fees,[12] exhibit fees,[13] and delivery fees.[14]  *See* Guidelines, p. 5 § 9 (costs incident to taking depositions "includes reasonable (1) stenographer's fees, (2) costs of original transcription or copy of transcription, and (3) reasonable delivery fees when accompanied by supporting itemized documentation").

Reynolds seeks to recover the below listed deposition costs.  Each of the depositions was reasonably necessary at the time of its taking as each of the deponents had been identified by one of the parties as having discoverable information.  (Bradley Decl. Exs. 52-53.)  Reynolds presented the testimony of the following witnesses by deposition at trial: David Alderete, Yelena Burkut, Karen Laney, Jim Oesterreicher, Peter Perkins, Scott Salzstein, David Sarnoff, and Kerry Ulmer.  Handi-Foil presented the testimony of Ken Lane and David Walcoff by deposition, and Reynolds accordingly required the deposition transcripts to prepare for this testimony.  The transcripts of the following witnesses were also needed to prepare for their live testimony at trial: David Bryla, Sarah Butler, Ran Kivetz, Douglas Mickle, Jim Oesterreicher, Peter Perkins, and

---

[12] *Francisco v. Verizon South, Inc.*, 272 F.R.D. 436, 444 (E.D. Va. 2011) ("because the deposition of the Plaintiff was reasonably necessary to prepare for the litigation, costs incident to the taking of this deposition are proper, including the court reporter's attendance fees").

[13] *See Amdocs (Isr.) Limited v. Openet Telecom, Inc.*, 2013 U.S. Dist. LEXIS 42300, *14-15 (E.D. Va. 2013) (holding that "exhibits associated with a deposition are properly considered part of the record of that deposition" and are therefore taxable costs).

[14] *See Amdocs (Isr.) Limited*, 2013 U.S. Dist. LEXIS 42300 at *14 n. 3 (holding that "shipping and handling fees for taxable depositions" are recoverable costs).

David Sarnoff.[15]   While Mr. McCormick's deposition was not used at trial, at the time his deposition was taken, his testimony was necessary to flesh out claims for trial, and Handi-Foil also listed Mr. McCormick as a may call witness in its original pretrial disclosures.  (*See* Dkt. No. 63, p. 3.)[16]  Finally, while Mr. Conroy did not appear as a witness at trial at the time his deposition was taken he was an identified expert in the case who had served an expert report, and accordingly the taking of a deposition is reasonably necessary at the time of its taking.

| Witness | Original Transcript | Court Reporter Fee | Exhibit Fee | Delivery | Invoice Date | Bradley Decl. | Amount |
|---|---|---|---|---|---|---|---|
| David Alderete | $876.75[17] | $150.00 | $282.00 | $23.00 | 9/27/13 | Ex. 26 | $1,331.75 |
| David Bryla | $1,168.64 | N/A | N/A | N/A | 8/29/13 | Ex. 27 | $1,168.64 |
| Sarah Butler | $1,935.05 | N/A | N/A | N/A | 9/13/13 | Ex. 28 | $1,935.05 |
| Yelena Burkut | $425.25 | N/A | N/A | N/A | 9/30/13 | Ex. 29 | $425.25 |
| Richard Conroy | $752.56 | N/A | N/A | N/A | | Ex. 30 | $752.56 |
| Ran Kivetz | $1,853.25 | 225.00 | 356.00 | 23.00 | 9/24/13 | Ex. 31 | $2,457.25 |
| Ken Lane | $2,510.58 | N/A | N/A | N/A | 8/29/13 | Ex. 32 | $2,510.58 |
| Karen Laney | $735.00 | $150.00 | $100.00 | $23.00 | 9/26/13 | Ex. 33 | $1,008.00 |
| Rick McCormick | $582.28 | N/A | N/A | N/A | 9/12/13 | Ex. 34 | $582.28 |
| Douglas Mickle | $1,348.80 | N/A | N/A | N/A | 8/28/13 | Ex. 35 | $1,348.80 |

---

[15] Deposition transcripts of a party's own witnesses are "reasonably necessary for trial preparation as they would be used by [a party] in choosing the direction in which the testimony of its own witnesses should go and in limiting its witnesses' exposure to impeachment."  *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129, 135 (E.D. Va. 1991).

[16] *See Cook v. Magellan Health Services, Inc.*, 2013 U.S. Dist. LEXIS 69916, *6 (E.D. Va. 2013) ("because each of the deponents appeared on the parties' witness lists…it was reasonable for counsel to obtain the deposition transcripts in preparing for the upcoming trial").

[17] The cost for all the deposition transcripts has been adjusted from the cost listed on the invoice to reflect only the cost of the original transcript without any expedited charge.  (Bradley Decl. Ex. 41.)

| Witness | Original Transcript | Court Reporter Fee | Exhibit Fee | Delivery | Invoice Date | Bradley Decl. | Amount |
|---|---|---|---|---|---|---|---|
| Jim Oesterreicher | $530.25 | $150.00 | $94.00 | $23.00 | 9/30/13 | Ex. 36 | $797.25 |
| Peter Perkins | $525.00 | $75.00 | $123.00 | $23.00 | 9/9/13 | Ex. 37 | $746.00 |
| Scott Salzstein | $834.75 | $150.00 | $94.00 | $23.00 | 9/30/13 | Ex. 29 | $1,101.75 |
| David Sarnoff (Day 1) | $1,323.00 | $150.00 | $335.00 | $103.00 | 9/4/13 | Ex. 38 | $1,911.00 |
| David Sarnoff (Day 2) | $493.50 | $75.00 | $400.00 | $23.00 | 9/5/13 | Ex. 38 | $991.50 |
| Kerry Ulmer | $1,772.87 | N/A | N/A | N/A | 9/16/13 | Ex. 39 | $1,772.87 |
| David Walcoff | $966.44 | N/A | N/A | N/A | 9/16/13 | Ex. 40 | $966.44 |
| **Total** | | | | | | | **$21,806.97** |

### G.     Docket Fees

Pursuant to 28 U.S.C. §§ 1920(5) and 1923, Reynolds also seeks the below listed docket fees.  *See* EDVA Guidelines, pp. 4-5 § 8 ("[p]revailing party is entitled to $20.00 on trial" and "$2.50 is allowed for each deposition admitted into evidence"); *see also Goldstein v. Costco Wholesale Corp.*, 2004 U.S. Dist. LEXIS 22041, *22-23 (E.D. Va. June 14, 2004) (affirming clerk's award of docket fees).

| Cost | Amount |
|---|---|
| Docket Fee (trial) | $20.00 |
| Docket Fee (depositions) [Depositions of Alderete, Burkut, Laney, Oesterreicher, Perkins, Salzstein, Sarnoff, and Ulmer] | $20.00 |
| **Total** | **$40.00** |

### IV.     The Court Should Order Reimbursement of Reynolds' Attorney's Fees For the Trial and Final Preparation

Section 35 of the Lanham Act allows for recovery of "reasonable attorney fees to the

prevailing party" in "exceptional cases." 15 U.S.C. § 1117(a).  Reynolds has already established

that it is the prevailing party in the litigation (*see* Section II *supra*).  Further, the jury's verdict of

willful infringement, as well as the underlying evidence,  qualify this as an "exceptional case"

warranting reimbursement of attorney's fees to Reynolds.   Reynolds seeks $663,030.08 in

attorney's fees, representing fees for its lean trial team, only from March 3 (the date that Handi-

Foil rejected Reynolds' settlement offer) through the end of trial.

### A.      The Case Qualifies As "Exceptional"

Just yesterday, in a case involving what it called an "identical fee-shifting provision" to

the Lanham Act in the Patent Act, the Supreme Court interpreted the statutory meaning of the

term "exceptional."  *See Octane Fitness, LLC,* No. 12-1184 at 7 (reversing denial of attorney's

fees).[18]  The Lanham Act, like the Patent Act construed yesterday, does not define "exceptional,"

so it should be construed "in accordance with its ordinary meaning."  *See id.*  The Court noted

that it has interpreted the term "exceptional" in the Lanham Act to mean "uncommon" or "not

run-of-the-mill."  *Id.* (*citing Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d

521, 526 (CADC 1985) (R. B. Ginsburg, J., joined by Scalia, J.).  The Court also noted that

"Congress did not intend rigidly to limit recovery of fees by a Lanham Act defendant to the rare

case in which a court finds that that the plaintiff acted in bad faith, vexatiously, wantonly, or for

oppressive reasons.  Something less than 'bad faith,' we believe, suffices to mark a case as

'exceptional'."  *Id.* at 9 (quoting *Noxell*, 771 F.2d at 526) (brackets, internal quotation marks and

ellipsis in original omitted).   The Supreme Court also noted that demanding a standard of bad

faith would render the statute superfluous, as the district court already has the inherent power to

---

[18] A copy of the U.S. Supreme Court's slip opinion is attached as Exhibit 54 to Bradley
Declaration.

shift fees where the party has engaged in bad faith.   *See id*. at 10-11 (citations omitted). Accordingly, the Fourth Circuit's interpretation of an "exceptional case" under the Lanham Act to be one in which "the defendant's conduct was malicious, fraudulent, willful or deliberate in nature" needs no further finding of bad faith.  *Scotch Whisky Ass'n v. Majestic Drilling Co., Inc.*, 958 F.2d 594, 599 (4th Cir. 1991).

As the Supreme Court held yesterday, "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated."  *Octane Fitness*, No. 12-1184  at 7-8 (U.S.) (April 29, 2014).  Here, the jury's finding of willful infringement – a finding made despite spirited personal testimony of numerous Handi-Foil senior executives who were not credible to the jury – clearly qualifies this as an exceptional case entitling Reynolds to an award of attorney's fees.  *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 441 (4th Cir. 2011) (willful and deliberate infringement a basis upon which to find case exceptional); *see, e.g., Selchow & Righter, Inc. v. Decipher, Inc.*, 1985 WL 5939, *2 (E.D. Va. Dec. 20, 1985) ("Since this Court has previously found defendant's misconduct to be wilful and deliberate…this Court now finds this to be an exceptional case warranting an award of attorneys' fees."); *Irwin Indus. Tool Co. v. Worthington Cylinders Wis., LLC*, 747 F. Supp. 2d 568, 588 (W.D.N.C. 2010) (jury's finding of willful infringement "satisfied the exceptional case requirement") citing *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) ("The district court's decision to make a fee award to [plaintiff] thus flows quite naturally from the jury's finding of willful infringement and the legal standard for 'exceptional cases' under § 1117.").  Indeed, in the words of the Supreme Court, such a finding of willful infringement is both "uncommon" and decidedly "not run-of-the-mill."  The jury's

finding of willful infringement of Reynolds' iconic trade dress rights "stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case)." *Octane Fitness*, No. 12-1184  at 7-8 (U.S.) (April 29, 2014).

This conclusion is also supported by further evidence at trial that Handi-Foil had a pattern of copying Reynolds' trade dress for its customers, and acquiescing to its customers' requests to "replicate" Reynolds or produce Handi-Foil products "looking similar to Reynolds."  (Bradley Decl. Ex. 42, 821:2-822:10; Ex. 45; Ex. 42, 207:24-209:19; Ex. 46; Ex. 42, 775:22-777:1; Ex. 48; Ex. 43 (RFA 256-264); Ex. 42, 204:2-9.)  Additionally, third party witness, Ms. Ulmer, an employee of the company that designs and manufactures packaging for Handi-Foil, testified that Handi-Foil's Marketing Manager gave her a Reynolds non-stick and directed her to take the yellow from the Reynolds box and "copy" it onto a non-stick box for Handi-Foil.  (Bradley Decl. Ex. 42, 230:1-6, 230:17-232:6; Exs. 44, 47; Ex. 42, 237:4-11, 237:25-238:7.)  Further, Handi-Foil was aware of the rights Reynolds claimed in the trade dress for its packaging based on a prior challenge raised by Reynolds to blatantly infringing packaging manufactured by Handi-Foil and sold by its customer, McLane.  (Bradley Decl. Ex. 42, 735:1-736:1; Ex. 43 (RFA 256-264.)  Handi-Foil and its senior executives knew better, yet willfully infringed Reynolds' iconic trade dress anyway.[19]

### B.    Reynolds Requested Attorney's Fees Are Reasonable

To calculate an attorney's fees award, the court "must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v.*

---

[19] Handi-Foil offered no advice-of-counsel defense whatsoever to its line of willful infringements.

*Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009); *see also United States ex rel Vuyyuru v. Jadhav*, 555 F.3d 337, 356 (4th Cir. 2009) (same).

The Fourth Circuit considers the following factors in evaluating the reasonableness of the hours and rate: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases. *Robinson*, 560 F.3d at 243-44 citing *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978) (adopting twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)).  Although "these factors must be considered by district courts in this circuit in arriving at a determination of reasonable attorneys' fees in any case where such determination is necessary," *Barber*, 577 F.2d at 226, the court need not address in detail every single one of them. *See, e.g., Dollar Tree Stores, Inc. v. Norcor Bolingbrook Assocs.*, LLC, 699 F.Supp.2d 766, 768 (E.D. Va. 2009); *Moore v. SouthTrust Corp.*, 392 F.Supp.2d 724, 733 (E.D. Va. 2005).

A consideration of these factors demonstrates that Reynolds' requested amount of attorney's fees is reasonable.  Additionally, Reynolds has limited its request for attorney's fees to

-20-

the time period of the date of its last settlement offer to Handi-Foil (March 3) through trial (March 28).  (Froemming Decl. ¶¶ 6, 8.)

### 1.  Calculation of Lodestar Figure

"The determination of the reasonableness of given rates is a 'fact-intensive [one] and is best guided by what attorneys earn from paying clients for similar services in similar circumstances.'" *Bland v. Fairfax County*, 2011 U.S. Dist. LEXIS 128522, *27 (E.D. Va. Nov. 7, 2011) citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). A plaintiff can establish the market rate "through affidavits reciting the precise fees that counsel with similar qualifications have received in comparable cases; information concerning recent fee awards by courts in comparable cases; and specific evidence of counsel's actual billing practice or other evidence of the actual rates which counsel can command in the market." *Spell v. McDaniel*, 824 F.2d 1380, 1402 (4th Cir. 1987) (citations omitted).

Reynolds' lean trial team, namely lead counsel John Froemming and second chair associate Jessica Bradley, both have extensive experience litigating Lanham Act cases.  Mr. Froemming is co-leader of Jones Day's Trademark, Copyright & Unfair Competition practice. He is ranked by corporate counsel as one of the top 19 U.S. "All-Stars" in the 2011 BTI Client Service survey for IP and as one of the top nine U.S. trademark litigators by the 2009 Legal 500 survey.  (Froemming Decl. ¶ 3, Ex. 1.)  Mr. Froemming is also listed in Super Lawyers for intellectual property litigation, and has tried three Lanham Act jury trials to verdict in the last few years. (*Id.*)  Ms. Bradley is a senior associate in Jones Day's Trademark, Copyright & Unfair Competition practice, and has served as trial counsel in three jury trials and one bench trial, as well as litigating numerous other cases involving trademark, unfair competition, false advertising and copyright claims.  (Froemming Decl. ¶ 4, Ex. 2)  Ms. Bradley is also listed as a Rising Star in Super Lawyers in the area of intellectual property.  (*Id.*, Ex. 3.)  In addition, Mr. Fieman has

-21-

focused his legal career on intellectual property litigation and has substantial experience providing support in intellectual property cases.   (Froemming Decl. ¶ 5.)   To the extent appropriate, the trial team also utilized less experienced associates and project assistants.   The below table lists each individual involved in providing their years of experience, hourly rate, number of hours worked, and the total fee for the time period of March 3 through March 28. Documentation listing the billing entries and detail is attached as Exhibits 4-5 to the Declaration of John Froemming being filed concurrently herewith.[20]

| | Position | Experience | Rate (per hour) | Hours | Total Fee |
|---|---|---|---|---|---|
| John Froemming | Partner | 28 | $697.50 | 260.00 | $181,350.04 |
| Jessica Bradley | Associate | 9 | $607.50 | 313.25 | $190,299.41 |
| Richard Fieman | Law Clerk | 4 | $540.00 | 314.00 | $169,560.00 |
| Robyn Ashley Hall | Associate | 1 | $360.00 | 227.50 | $81,900.00 |
| Lindsay Reimschussel | Associate | 1 | $360.00 | 28.75 | $10,350.00 |
| Emily Schultz | Project Assistant | | $157.50 | 173.25 | $27,286.88 |
| Janai Orina | Project Assistant | | $157.50 | 14.50 | $2,283.75 |
| **Total** | | | | | **$663,030.08** |

In determining the reasonableness of rates, courts in this district have accepted the use of the *Vienna Metro* Matrix which was compiled using the hourly rates charged by legal professionals for complex civil litigation in Northern Virginia.   *Vienna Metro v. Pulte Home Corp.*, Case No. 1:10-cv-00502, Dkt. No. 263, p. 12 (awarding Kirkland & Ellis rates ranging

---

[20] As stated *supra*, Reynolds has only tabulated its hours for the applicable time period (i.e., March 3, 2014) to adjust for the jury's verdict on the false advertising claim which involved some evidence and testimony that was not common to the other Lanham Act and trade dress claims.

from $280 to $689 for attorneys and $155 to $276 for legal assistants) (Froemming Decl. Ex. 8);

*Taylor*, 2014 U.S. Dist. LEXIS 11086 at *14-15 (awarding rates falling within the *Vienna Metro*

Matrix).  (*See also* Reilly Decl. ¶¶ 8-10, 18-21.)

2011 Range of Hourly Rates in Northern Virginia

| Paralegal | 1-3 [years of experience] | 4-7 [years of experience] | 8-10 [years of experience] | 11-19 [years of experience] | 20+ [years of experience] |
|---|---|---|---|---|---|
| $130-350 | $250-435 | $350-600 | $465-640 | $520-770 | $505-820 |

The rates for the Jones Day legal professionals fall well within the rates listed in the Vienna

Metro Matrix for each individual's corresponding years of experience.  (Reilly Decl. ¶¶ 22-26.)

Additional support for the prevailing rate for similar litigation in the Northern

Virginia/Washington metro area is attached as Exhibits 6-7 to the Froemming Declaration, and

discussed in the Reilly Declaration.

> **2.      Analysis of the *Barber/Johnson* Factors Demonstrates that Reynolds Requested Fees Are Reasonable**

Consideration of the relevant *Barber/Johnson* factors further establishes that the

attorney's fees Reynolds requests are reasonable.

(1) Time and labor expended:  This was a heavily contested case that, for the time period

for which fees are requested, included briefing and argument on four motions *in limine*, review

and analysis of deposition designations for ten witnesses being presented by deposition, review

of hundreds of trial exhibits, preparation for complex survey expert testimony, and drafting jury

instructions and a verdict form for complex claims as well as a four day jury trial.  Given the

breadth and complexity of the case, the amount of hours expended in the litigation was

reasonable.  *See Quantum Sys. Integrators, Inc.*, 2009 U.S. Dist. LEXIS 98742 at *11-14.

Additionally, Reynolds further reduced attorney time by utilizing Reynolds' Chief Intellectual

Property Counsel, Daniel Shulman (also an experienced litigator with 15 years of experience and having participated in three jury trials in the last 15 months) to do a great deal of substantive legal work that would have been billed out at law firm partner rates, *i.e.*, draft and manage jury instructions, help prepare witnesses and conduct mock cross examinations, help draft witness outlines for cross examination of Handi-Foil witnesses, and help prepare memoranda of law filed with the Court.  (Shulman Decl. ¶¶ 1-2.)  Mr. Shulman likely spent approximately 100 hours of unbilled time as a member of the trial team over the relevant period.  (Shulman Decl. ¶ 3.)

(2) Novelty and Difficulty:   The litigation involved trademark infringement and unfair competition issues, which have been recognized by courts as complex areas of law, and included analysis and presentation of complicated survey expert testimony.  (*See* Reilly Decl. ¶¶ 17, 21.)  As a court in this district recently noted in awarding fees to a prevailing party in a trademark infringement case brought under the Lanham Act "[m]ost attorneys could not handle" such a case and "intellectual property attorneys routinely charge more than most trial attorneys.  Clearly, a substantial hourly rate is merited." *Lorillard Tobacco*, 2012 U.S. Dist. LEXIS 159255, *7-8 (E.D. Va. Nov. 6, 2012).  Here, this was a complex intellectual property matter against an adversarial party.  *See Firehouse Rest. Group, Inc. v. Scurmont LLC*, 2011 U.S. Dist. LEXIS 119610 (D.S.C. Oct. 17, 2011) ("This case involved claims of trademark infringement and unfair competition, which are generally recognized as complex areas of the law."); *See also Irwin Indus. Tool Co.*, 747 F. Supp. 2d at 597 (noting "the complexity of Lanham Act cases"); *All Am. Title Loans, Inc. v. Title Cash of S.C., Inc.*, 2007 U.S. Dist. LEXIS 36431 (D.S.C. May 17, 2007) ("This action involved a variety of legal theories relating to trademark and trade name protections which is a relatively complex area of the law."); *Quantum Sys. Integrators, Inc.*, 2009 U.S. Dist. LEXIS 98742 at*14-15 ("complex nature from a subject matter and legal

-24-

standpoint" of copyright case supported the reasonableness of the hours expended by plaintiff's attorneys"). This factor supports the reasonableness of Reynolds' attorney's fees request.

(3) Legal Skill Required and (9) Attorney Experience:  This case required lawyers with skills in the substantive area of trade dress litigation, surveys and trials, and as demonstrated *supra*, trial counsel has significant skills and experience in this area.  *Quantum Sys. Integrators, Inc.*, 2009 U.S. Dist. LEXIS 98742, at *20 ("all of the attorneys representing Quantum in this matter are very experienced intellectual property attorneys. This experience supports a finding that the rates charged by these attorneys were reasonable.").  Accordingly, this factor supports an award of fees to Reynolds as it properly employed specialized attorneys with the requisite experience.  *Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 881 F. Supp. 1021, 1027 (E.D. Va. 1994) (recognizing that plaintiff required attorneys with specialized skill for copyright case in awarding requested fees). Additionally, Mr. Froemming's and Ms. Bradley's prior litigation experience as well as their specialized knowledge of trademark issues enhanced the efficiency of handling and trying the case.  *See Porter v. Elk Remodeling, Inc.*, 2010 U.S. Dist. LEXIS 89037, *12-13 (E.D. Va. Aug. 27, 2010) (O'Grady, J.) (noting that "specialization was of particular importance" in an employment law case and that counsel's "extensive trial and appellate experience, including litigating complex civil matters" supported the reasonableness of the hours expended).

(4) Opportunity Costs: The time required to prepare for and put on a case before a jury prevented trial counsel from being able to handle substantive work for other clients during this time period.  (Froemming Decl. ¶ 16.)  Accordingly, this factor supports the reasonableness of Reynolds' attorney's fees request.

(5) Customary Fee: The complex nature of trademark litigation warrants a higher fee award, and demonstrates that Reynolds' requested rates here are reasonable.  *See, e.g.*, *Toolchex, Inc. v. Trainor*, No. 3:08-cv-236, 2009 U.S. Dist. LEXIS 64186 (E.D. Va. July 24, 2009) (awarding attorney's fees to prevailing plaintiff in trademark case at an hourly rate of $565); (Froemming Decl. Ex. 9); *Act II Jewelry, LLC v. Mu Ying Zhu*, Case No. 2:09-cv-407 (E.D. Va. June 22, 2010) (awarding rates from $100-$500) (Froemming Decl. Ex. 10).  Additionally, the fees and costs that were billed are appropriate and reasonable and well within the standard in this market for cases of this type and complexity.  (Reilly Decl. ¶¶ 23-26; Froemming Decl. ¶ 17, Exs. 6-7.)

(6) Attorney's Expectations:  Since this factor considers whether the fee is fixed or contingent and accordingly does not affect the calculation of the attorney's fee award in this case.  *See Marks Constr. Co. v. Huntington Nat'l Bank*, 2010 U.S. Dist. LEXIS 89186, *34 (N.D. W. Va. Aug. 27, 2010)  ("This factor relates to whether the fee is fixed or contingent.") (citation omitted);  *Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc*., 176 F. Supp. 2d 510, 535 (D.S.C. 2001)  ("The sixth Johnson factor…generally implicates contingent fee arrangements");  *O'Bryhim v. Reliance Std. Life Ins. Co.*, 997 F. Supp. 728, 735 (E.D. Va. 1998) (noting that counsel represented plaintiff on a contingency basis in the analysis of this factor).

(7) Time Limitations:  As discussed infra, the case involved hundreds of exhibits and complicated survey testimony and data which support the reasonableness of the hours expended in the given time period in preparing for trial.  *See Firehouse Rest. Group, Inc.*, 2011 U.S. Dist. LEXIS 119610 at *50-51 (in analysis of time limitations, the court noted that "this case involved thousands of pages of documentation and countless exhibits. There is no doubt that such voluminous documentation required many hours of review to understand and fully comprehend

-26-

the nature and impact").  Additionally, this factor is "particularly  important" where, as here, "a new counsel is called in to prosecute the appeal or handle other matters at a late stage in the proceedings." *Johnson*, 488 F.2d at 718, *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989).  Given that Jones Day entered an appearance in this case in January (*see* Dkt. Nos. 147, 148), the hours it expended in the last three weeks of preparing for and conducting the trial are reasonable.

Finally, due to the Court's schedule, the parties had to present their case in four trial days, rather than the originally scheduled 5 to 8 trial days, thereby necessitating time and effort by the attorneys to streamline the presentation of testimony and evidence.  (Bradley Decl. Ex. 51, 31:7-35:8; *see also* Dkt. No. 65.)

(8) Amount in Controversy and Results Obtained:  Reynolds' primary aim from the start was to halt infringement of its trade dress.  (Bradley Decl. Ex. 42, 550:15-551:4 (Reynolds wanted Handi-Foil to "just stop[]" "copy[ing] our package"); *see also* Ex. 50, 3:4-7, 10:12-13.) Reynolds succeeded on its federal common law trade dress infringement claim thereby entitling Reynolds to an injunction requiring Handi-Foil to cease use of the infringing packaging.  Even though Reynolds was not successful on all of its claims, its federal common law trade dress claim was interconnected with its other Lanham Act and state law trade dress claims and rested on the same facts or legal theories.  *Porter*, 2010 U.S. Dist. LEXIS 89037 at *22-23 (awarding attorney's fees as "all of [p]laintiff's claims arose from a common set of facts even though  there were five discrete claims alleged").  To the extent that Reynolds' false advertising claim involved some discrete testimony and evidence, Reynolds has already factored that in by limiting its request to the expenses incurred after March 3, 2014.

-27-

Additionally, as this Court has noted, "a court's analysis of th[is] factor should not be limited to a 'purely mathematical comparison between the number of claims pressed and the number prevailed upon.'" *Porter*, 2010 U.S. Dist. LEXIS 89037 at *22 citing *Brodziak v. Runyon*, 145 F.3d 194, 196-97 (4th Cir. 1998).   "[A] district court 'should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.'" *Id.* citing *Hensley*, 461 U.S. at 435.  Given that Reynolds achieved its main goal in bringing this litigation, this factor supports the reasonableness of Reynolds' fee request.  *See Irwin Indus. Tool Co.*, 747 F. Supp. 2d at 597 (noting that plaintiff "received a substantial benefit" as it "has been awarded an injunction prohibiting [defendant] from engaging in any further false advertising and/or trade dress infringement").

Finally, Reynolds heeded the Court's direction at the hearing on its rebuttal expert motion and made a settlement offer to Handi-Foil which was rejected by Handi-Foil without any counteroffer.  (Bradley Decl. Ex. 50, 11:7-17; Ex. 51, 45:21-46:12.)  Additionally, after careful evaluation of the evidence in the case, Reynolds also served a covenant not to sue Handi-Foil over its "red box" packaging, thereby further limiting the issues for trial.  *See* Dkt. No. 177.

(10) Undesirability of the Case:  This factor does not have any bearing on the attorney's fees determination in this case.

(11) Professional Relationship:  Although trial counsel has previously handled a litigation for this client, the case was for Pactiv Corporation (prior to its merger with Reynolds), and the Hefty brand.  (Froemming Decl. ¶ 15.)  Accordingly, the representation was not related to the Reynolds Wrap® trade dress or the issues in this litigation, and this factor is not relevant to a determination of attorney's fees here.

(12) Awards in similar cases:  Reynolds' requested fees are within (and in some cases substantially less) then fees awarded in other trademark infringement cases which reflect the specialization needed for these types of claims.  *Super Duper, Inc. v. Mattel, Inc.*, 382 F. App'x 308, 318 (4th Cir. 2010) (affirming award of $2,643,844.15 in attorney's fees for jury trial for trademark infringement and dilution); *In re Outsidewall Tire Litigation*, 748 F. Supp. 2d 557, 568 (E.D. Va. 2010) (awarding $632,377 in attorney's fees in suit with Lanham Act claims); *Georgia-Pacific Consumer Prods. LP v. Von Drehle Corp.*, 2013 U.S. Dist. LEXIS 105740, *6-7 (E.D.N.C. July 28, 2013) (awarding $2,225,782.35 in attorney's fees for trademark infringement suit).

Additionally, the requested attorney's fees are also well within the average costs for trademark litigation for the Washington, D.C. area of $1.3 million as reported in the 2013 AIPLA Report of the Economic Survey.  (Froemming Decl. Ex. 6.)  *See Superior Form Builders*, 881 F. Supp. at 1029 ("Although [the Report of Economic Survey] charge does not directly reflect awarded amounts in copyright cases, it does incorporate the product of the hourly rate and the hours expended. This figure reflects the typical cost of such litigation to a client, and plaintiff's requested amount resembles this median figure.").

## V.    Conclusion

For the foregoing reasons, Reynolds' Motion for Costs and Attorney's Fees should be granted, and the Court should award Reynolds $71,285.87 in costs and $663,030.08 in attorney's fees.

Dated:   April 30, 2014

Respectfully submitted,

/s/ John G. Froemming
John G. Froemming (VSB No. 25319)
Jessica D. Bradley (VSB No. 70830)
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Tel: (202) 879-3939
Fax: (202) 626-1700
Email: jfroemming@jonesday.com
Email: jbradley@jonesday.com

*Attorneys for Plaintiff*
*Reynolds Consumer Products LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2014, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system which will send notification to the following ECF participants:

> Brian N. Gross
> D. Sean Trainor
> Kirkland & Ellis LLP
> 655 15th St NW
> Suite 12
> Washington, DC 20005-5701
> brian.gross@kirkland.com
> dtrainor@kirkland.com
>
> *Attorneys for Defendant*
> *Handi-Foil Corporation*

The undersigned also certifies that a copy of the foregoing was served by electronic mail on the following non-filing users:

David K. Callahan, P.C.
Latham & Watkins LLP
233 South Wacker Drive, Suite 5800
Chicago, Illinois 60606
david.callahan@lw .com

Robin A. McCue
Ian J. Block
Susan Lester
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
dcallahan@kirkland.com
ian.block@kirkland.com
rmccue@kirkland.com
susan.lester@kirkland.com

>   /s/ John G. Froemming
>    John G. Froemming (VSB No. 25319)
>    JONES DAY
>    51 Louisiana Avenue, NW
>    Washington, DC 20001
>    Tel: (202) 879-3939
>    Fax: (202) 626-1700
>    Email: jfroemming@jonesday.com
>    *Attorney for Plaintiff*
>    *Reynolds Consumer Products LLC*

WAI-3173300v1